IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

URSULA GARDUNO,

    Plaintiff,

v.                                                                        No. 10-CV-47 WJ

NATIONWIDE CREDIT, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant Nationwide Credit, Inc.'s Motion to Dismiss Plaintiff's Complaint for failure to state a claim (Doc. 4).  Plaintiff Ursula Garduno sued the Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") when Defendant mailed Plaintiff a letter requesting payment for an outstanding balance on her American Express account.  Plaintiff alleges that the debt was discharged when her husband filed for bankruptcy in 2005 and that Defendant is illegally attempting to collect the debt from her.  Because the bankruptcy proceeding discharged the debt only with respect to Plaintiff's husband and not to Plaintiff herself, the Court GRANTS Defendant's Motion to Dismiss.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.  A court must dismiss a complaint for failure to state a claim when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  When ruling on a motion to dismiss, the Court takes as

true all well-pleaded factual allegations in the Plaintiff's complaint and construes all allegations in the light most favorable to the Plaintiff.  *Id*.  The Court need not, however, accept conclusory allegations without factual support or legal conclusions drawn by the Plaintiff.  *Id.* at 1110.

## ANALYSIS

Under the Bankruptcy Code, the discharge of one debtor in a Chapter 7 bankruptcy proceeding does not discharge the liability of any co-debtors.  11 U.S.C. § 524(e); *Simon v. Tip Top Credit Union (In re Simon)*, 83 F.3d 433, at *3 (10th Cir. 1994).  *See also Great Western Const. Co. v. N.C. Ribble Co.*, 427 P.2d 246, 248 (N.M. 1967).  Here, Plaintiff is a listed co-debtor on her American Express account, along with her husband.[1]  In February 2005, Plaintiff's husband filed for Chapter 7 bankruptcy and listed American Express as a creditor.  In May 2005, the New Mexico Bankruptcy Court formally discharged Plaintiff's husband's debts, including the American Express debt.  Plaintiff has never filed for bankruptcy on her own nor did she receive a bankruptcy discharge notice as a result of her husband's bankruptcy proceeding.  The law is clear that the discharge of the American Express debt with respect to Plaintiff's husband does not discharge the debt with respect to Plaintiff, who is a co-debtor.

Plaintiff argues that the American Express debt was discharged with respect to her because it is a community debt.  *See Swink v. Sunwest Bank (In re Fingado)*, 113 B.R. 37, 42 (Bankr. D.N.M. 1990) ("In New Mexico, there is a presumption that debt incurred by a married person is community debt.").  Defendant does not dispute that the debt qualifies as a community debt, but asserts that Plaintiff remains liable as a joint debtor on the account.  It is true that a discharge of community debt ordinarily prohibits creditors from proceeding even against the

---

[1] Nowhere in her Response does Plaintiff dispute that she is a co-debtor on the account.

nonfiling spouse. *See Midi Music Center v. Smith (In re Smith)*, 140 B.R. 904, 907 (Bankr. D.N.M. 1992). However, that changes if the nonfiling spouse is also a debtor on the account. *See id.* ("Therefore, in community property states, there is no need for both spouses to file unless the nondebtor spouse has a substantial separate debt."). Plaintiff cites extensively to the case of *In re Smith*, but that case is distinguishable because the debt at issue was incurred solely by the wife; while the debt was a community debt, the husband was not a separate co-debtor. *Id.* Furthermore, in that case, both spouses filed separate bankruptcy petitions. *Id.*

Accordingly, Plaintiff is a co-debtor of the American Express debt. Because her debt has never been discharged, she cannot claim a violation of the Fair Debt Collection Practices Act. Therefore, the Court GRANTS Defendant's Motion to Dismiss.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE